IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THAD THOMPSON, #A5013250, ) | CIV. NO. 17-00250 DKW-KJM |
| ) | |
| Plaintiff, ) | ORDER DISMISSING FIRST |
| ) | AMENDED COMPLAINT AND |
| vs. ) | DENYING MOTION FOR |
| ) | PRELIMINARY INJUNCTION |
| HAWAII DEPARTMENT OF ) | |
| PUBLIC SAFETY, HALAWA ) | |
| CORRECTIONAL FACILITY, ) | |
| NOLAN UEHARA, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

Before the Court are Plaintiff Thad Thompson's First Amended Complaint ("FAC"), ECF No. 7, and Motion for Preliminary Injunction.[1] ECF No. 2. Thompson is incarcerated at the Halawa Correctional Facility ("HCF") and is proceeding in forma pauperis. He names the Hawaii Department of Public Safety ("DPS"), HCF, and HCF official Nolan Uehara, in his individual and official capacities, as Defendants. Thompson alleges that Defendants violated his constitutional right to due process under the Fourteenth Amendment.

---

[1]Thompson's FAC supersedes his original Complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (en banc).

For the following reasons, Thompson's FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), with leave granted to amend. Thompson's Motion for Preliminary Injunction is DENIED.

## I. **SCREENING**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Courts must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(e)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation

omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.  Thompson's Claims**[2]

On March 27 and 29, 2017, Thompson was written up for fighting with two other inmates. On April 19, 2017, Thompson signed two Notice of Report of Misconduct and Hearing forms, giving him twenty-four hours notice of the hearing to be held the next day regarding the charges. *See* ECF No. 7-1. Thompson asked Monica Chun, who delivered the notices, to postpone the hearings so that he could find witnesses. He also asked if she would speak with Captain Paleka, because

---

[2]For the purposes of this Order, Thompson's statement of facts is accepted as true.

Thompson believed that Paleka and other prison officials were aware that he was not the aggressor. Chun agreed.

The hearing for both incidents was held on May 2, 2017. Discipline committee chair Defendant Nolan Uehara inquired whether Thompson was planning to participate. Thompson said he was, but asked if Uehara would speak with Chun regarding Captain Paleka's opinion of the incidents, and he requested Uehara to call his witnesses. Uehara allegedly said he was not interested in Captain Paleka's opinion and would not call Thompson's witnesses. Apparently, Thompson then refused to participate. *See* ECF No. 7-1, PageID #32, 34 ("Findings and Disposition of Corrective Action"). The discipline committee found Thompson guilty of both charges and sanctioned him to thirty days in lockdown for each charge, to run consecutively. Thompson refused to sign the hearing decisions. *See id.*

On May 4, 2017, Thompson filed two grievances (Nos. 394917 and 390924) regarding Uehara's comments and behavior at the hearing. They were rejected because Thompson did not include copies of his disciplinary findings. Thompson immediately filed two more grievances (Nos. 390936 and 390937). Thompson states that he has not completed the HCF grievance process regarding his claims because he "is seeking a preliminary injunction regarding this complaint's issues

[and] has not yet been able to exhaust." FAC, ECF No. 7, PageID #26. Thompson seeks damages and that his charges be voided.

**B.	Claims Against HCF and DPS Are Dismissed**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Moreover, "state agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will*, 491 U.S. at 70). Nor are jail or prison facilities considered "persons" under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969).

Neither HCF nor DPS are "persons" amenable to suit under § 1983 and they are DISMISSED. *See Christman v. Micheletti*, 302 F. App'x 742, 743 (9th Cir. 2008) (affirming dismissal of claims against the California Department of Corrections and Rehabilitation).

C.  **Due Process Under the Fourteenth Amendment**

The Due Process Clause of the Fourteenth Amendment protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case analysis, courts look to:

> (1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest will the court consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860. Thus, to determine whether disciplinary

7

sanctions create atypical and significant hardship, the court looks to the prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. *See Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013); *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

As pleaded, the FAC fails to allege facts that show the disciplinary punishment Thompson faced subjected him to "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Sixty days in disciplinary segregation is not generally considered unreasonably harsh, and Thompson does not allege that the segregation affects the duration of his sentence. The FAC contains no other "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Uehara's actions and imposed sanctions "presented a dramatic departure from the basic conditions of [Thompson's] sentence," or caused Thompson to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85; see also *Keenan*, 83 F.3d at 1088-89.

Finally, even if Thompson's statement of facts showed that he was subject to atypical or significant hardship in comparison to confinement in HCF administrative segregation, he fails to allege what process he was denied. He

suggests that he was denied witnesses, but his sparse recitation of facts does not provide enough context to show that this, in itself, was a denial of due process. *See Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974) (stating that a prisoner has a right to call witnesses at a disciplinary hearing only if it would not be unduly hazardous to institutional safety or correctional goals).

The FAC is DISMISSED for Thompson's failure to state a cognizable due process claim, with leave granted to amend.

**D.      Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory regardless of the type of relief sought. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust administrative remedies regardless of whether they seek injunctive relief or money damages, even though the latter is unavailable); *accord Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Panaro v. City of North Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents

9

a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d, 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)," *Albino*, 747 F.3d at 1166, or the court may dismiss sua sponte, *Bock*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."); *see also Salas v. Tillman*, 162 Fed. App'x 918 (11th Cir. 2006) (sua sponte dismissal of prisoner's civil rights claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely failed to pursue his administrative remedies, and a continuance would not permit exhaustion because any grievance would be untimely).

Thompson explicitly states in both of his pleadings that he did not exhaust the prison's administrative grievance process before he submitted either pleading to the court. *See* Compl., ECF No. 1, PageID #2 (filed May 30, 2017); FAC, ECF No. 7, PageID #26 (filed June 19, 2017). Thompson asserts that, because he seeks

preliminary injunctive relief, he could not complete the grievance process before commencing this action or filing his amended complaint.

Because Thompson concedes that he failed to exhaust his claims before commencing this action, and it is clear that there is an available grievance system at HCF with which he is familiar, he is NOTIFIED that this action is subject to dismissal for his failure to exhaust, although the Court finds it unnecessary to rule on this issue at this time.

### III.  MOTION FOR PRELIMINARY INJUNCTION

Preliminary injunctive relief is appropriate when the movant demonstrates that "he is likely to succeed on the merits [of the underlying action], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Resources Def. Council*, 555 U.S. 7, 20 (2008); *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*). Injunctive relief "is an extraordinary remedy, never awarded as of right." *Winter*, 555 U.S. at 24.

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision on the merits of the case. *See* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947

(2d ed. 2010). That is, to preserve the status quo pending a determination on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable harm. *See id.*; *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In light of the Court's discussion and the dismissal of the FAC, Thompson fails to show that (1) he is likely to succeed on the merits of his claims; (2) he will suffer irreparable harm in the absence of preliminary injunctive relief; (3) the equities tip in his favor; or (4) an injunction is in the public interest. Thompson's Motion for Preliminary Injunction, ECF No. 2, is therefore DENIED.

## IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend. Thompson may file an amended complaint on or before August 4, 2017 that cures the deficiencies noted above. An amended complaint generally supersedes the previous complaint. *See Lacey*, 693 F.3d at 907, n.1. Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed. *Id.* at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

## V. <u>28 U.S.C. § 1915(g)</u>

If Thompson fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal shall count as a "strike" under the

13

"3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 –

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. **CONCLUSION**

(1) The First Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Thompson may file an amended complaint curing the deficiencies noted above on or before August 4, 2017. Failure to cure these deficiencies will result in dismissal of this action, and Thompson shall incur a strike pursuant to 28 U.S.C. § 1915(g).

(3) Thompson's Motion for Preliminary Injunction, ECF No. 2, is DENIED.

(4) The Clerk is directed to mail Thompson a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: July 3, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Thad Thompson vs. Hawaii Department of Public Safety, et al.*;
Civil No. 17-00250 DKW-KJM; **ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING MOTION FOR PRELIMINARY INJUNCTION**

*Thompson v. Dep't of Public Safety*, 1:17-cv-00250 DKW-KJM; Scrn 2017 Thompson 17-250 dkw (dsm FAC, dny PI)