IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THAD THOMPSON, #A5013250, | ) | CIV. NO. 17-00250 DKW-KJM |
|---|---|---|
| Plaintiff, | ) | ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION; DENYING MOTION FOR PRELIMINARY INJUNCTION |
| vs. | ) | |
| NOLAN UEHARA, | ) | |
| Defendant. | ) | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION; DENYING MOTION FOR PRELIMINARY INJUNCTION**

Before the Court is Plaintiff Thad Thompson's Second Amended Complaint ("SAC"), and Motion for Preliminary Injunction. ECF Nos. 12, 13. Thompson is incarcerated at the Halawa Correctional Facility ("HCF") and is proceeding in forma pauperis. He names HCF Discipline Committee Chair Nolan Uehara in his individual and official capacities as the only Defendant and seeks injunctive relief and monetary damages. Thompson alleges Uehara violated his right to due process under the Fourteenth Amendment during a disciplinary proceeding held at HCF on or about May 2, 2017.

For the following reasons, Thompson's SAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a). Because it is clear that Thompson cannot amend

1

his pleadings to state a claim, despite being given an opportunity to do so, this dismissal is with prejudice. Thompson's Motion for Preliminary Injunction is DENIED.

## I. **SCREENING**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Courts must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(e)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation

omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### A.     Thompson's Claims[1]

On March 27 and 29, 2017, Thompson was charged with fighting with two other inmates. On April 19, 2017, HCF employee Monica Chun gave Thompson two Notices of Report of Misconduct and Hearing, informing of the hearing to be held twenty-four hours later regarding both charges. Thompson asked Chun to postpone the hearings so that he could find witnesses, and Chun did so.

---

[1] For the purposes of this Order, Thompson's statement of facts is accepted as true.

On May 2, 2017, Uehara chaired the hearing on Thompson's charges. Thompson questioned why Chun was not participating in the hearings and whether Uehara would call Thompson's witnesses. Uehara told Thompson he would not call Thompson's witnesses, and he questioned whether Thompson intended to participate in the hearing at that time. Words were exchanged, and ultimately, Uehara determined that Thompson was refusing to participate. *See* ECF No. 7-1, PageID #32, 34 ("Findings and Disposition of Corrective Action"). Uehara found Thompson guilty of both charges and sanctioned him to thirty days segregation for each charge, to run consecutively. *Id.*

**B.    Fourteenth Amendment:  Due Process**

The Due Process Clause of the Fourteenth Amendment protects prisoners against deprivation or restraint of "a protected liberty interest" and from the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined by a case-by-case analysis, courts look to:

> (1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint

5

imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013); *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996). Only if an inmate has alleged facts sufficient to show a protected liberty interest will the court consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

**C. Analysis**

***1. No liberty Interest in Parole Consideration***

Public records reveal that Thompson's maximum term expires on or about October 12, 2019. *See* Hawaii Statewide Automated Victim Information and Notification (SAVIN) service: https://www.vinelink.com/vinelink (last visited July 28, 2017). He asserts that he has a liberty interest in *consideration* for parole, because the "Hawaii Paroling Authority generally expects inmates to be infraction free for about 1 year." SAC, ECF No. 12, PageID #66. He alleges that the date when he can be considered for parole will be delayed, by at least sixty days, because he cannot participate in classes or programs while in segregation.

Thompson has no direct or state-created liberty interest in early release on parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be

conditionally released before the expiration of a valid sentence."); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992); *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. Apr. 17, 2014) (recognizing that Hawaii's parole regime creates no liberty interest in parole and collecting District of Hawaii cases). Having no right to parole, Thompson has no valid expectation, right, or liberty interest in participating in programs that are required for parole consideration. *See Sandin*, 515 U.S. at 487 (noting, "the chance that a finding of misconduct will alter the balance [of parole consideration] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.")

### 2. *No Atypical or Significant Hardship*

Thompson next asserts that the conditions in segregation, such as solitary confinement, less recreation, educational and religious programs, no T.V., microwave, or prison employment, and limited access to commissary purchases and books, constitute an atypical and significant hardship in comparison to conditions in HCF's general population, giving rise to a protected liberty interest.

First, "segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). Moreover, if conditions in disciplinary segregation mirror those in administrative segregation, then disciplinary segregation generally will not "present the type of atypical,

significant deprivation" required to "create a liberty interest." *Sandin*, 515 U.S. at 486. Thompson alleges no differences between his confinement in disciplinary segregation and those he is experiencing in administrative segregation.[2]

Second, *Sandin* held that punitive segregation normally will "not implicate the due process clause because such segregation was 'within the expected perimeters of the sentence imposed.'" *Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir. 2004) (quoting *Sandin*, 515 U.S. at 485); *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (concluding inmate had no liberty interest in freedom from confinement that was harsher than conditions in administrative segregation, because it was within range of confinement to be normally expected in relation to the ordinary incidents of prison life); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (finding inmate failed to state due process claim based on disciplinary segregation because the "Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a

---

[2]In *Thompson v. Torres*, No. 1:17-cv-0319 DKW (D. Haw., filed 07/07/2017), Thompson alleges due process claims regarding the same disciplinary proceedings that he challenges herein. Of note, he alleges identical conditions in his confinement in administrative and disciplinary segregation. *See id.*, Compl., ECF No. 1. Thompson also emphatically asserts that he was not housed in disciplinary segregation until May 15, 2017, only *two weeks* before he filed the present action on May 30, 2017, and that he reverted to administrative segregation on June 5, 2017. *See id.*, PageID #5-6.

sentence") (citation omitted).  Thompson's consecutive thirty-day terms in segregated housing are well within the parameters of his sentence.

Third, Thompson's presumed sixty days in disciplinary segregation is insufficient, alone, to invoke a protected liberty interest.  *See Hutto v. Finney*, 427 U.S. 678, 686 (1978) (holding an indeterminate period in restrictive confinement is not considered cruel and unusual punishment sufficient to trigger due process protections).  The other conditions about which Thompson complains – solitary confinement, no educational or religious programs, T.V., microwave, commissary, or jobs, and limited recreation, books, and social interaction – are also insufficient to show an atypical and significant hardship.  *See, e.g.*, *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 464-65 (1989) (finding no protected liberty interest in receiving visitors); *Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010) (same); *Toussaint v. McCarthy*, 801 F.2d 1080, 1092 (9th Cir. 1986) (stating "liberty interest does not arise even when administrative segregation imposes 'severe hardships' such as denial of access to vocational, education, recreational and rehabilitative programs, restriction on exercise, and confinement to [one's] cell for lengthy periods of time'" ), *overruled in part on other grounds, Sandin*, 515 U.S. 472 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 n.4 (1983)).  The SAC contains no other "factual content that allows the court to draw the reasonable inference,"

*Iqbal*, 556 U.S. at 678, that Thompson's sanctions "presented a dramatic departure from the basic conditions of [Thompson's] sentence," or caused Thompson to suffer "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 584-85; *see also Keenan*, 83 F.3d at 1088-89.

The SAC is DISMISSED for Thompson's failure to state a cognizable due process claim. It is evident that Thompson is unable to amend to state a claim, given his prior opportunities to do so, and this dismissal is with prejudice.

### III. **MOTION FOR PRELIMINARY INJUNCTION**

In light of the Court's discussion, Thompson cannot "succeed on the merits" of his due process claim, has not and will not "suffer irreparable harm in the absence of preliminary relief," and cannot show "that the balance of equities tips in his favor," or that injunctive relief here "is in the public interest." *Winter v. Nat. Resources Def. Council*, 555 U.S. 7, 20 (2008); *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*). Thompson's request for injunctive relief is DENIED.

## IV. <u>28 U.S.C. § 1915(g)</u>

Thompson is notified that this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).[3] Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 –

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. <u>CONCLUSION</u>

(1) The Second Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Because Thompson has already been given leave to amend, and is clearly unable to amend his claims to cure their deficiencies, this dismissal is with prejudice.

---

[3] Thompson states that he accrued no previous strikes. Federal district court dockets reveal that Thompson has incurred at least one strike, however, in the District of Arizona, in *Thompson v. Burns*, No. 2:13-cv-01715-SPL (D. Ariz., terminated Sept. 4, 2014), ECF No. 14 ("Plaintiff to take nothing, and the complaint and action are dismissed with prejudice for failure to state a claim. This dismissal may count as a "strike" under 28 U.S.C. § 1915(g)."). *See* http://pacer.psc.uscourts.gov. (last visited July 28, 2017).

(2)  Thompson is NOTIFIED that this dismissal may count as a strike within the meaning of 28 U.S.C. § 1915(g).

(3)  Thompson's Motion for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

DATED: August 2, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Thad Thompson vs. Hawaii Department of Public Safety, et al.*;
Civil No. 17-00250 DKW-KJM; **ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION; DENYING MOTION FOR PRELIMINARY INJUNCTION**
*Thompson v. Dep't of Public Safety*, 1:17-cv-00250 DKW-KJM; Scrn 2017 Thompson 17-250 dkw (dsm SAC, dny PI)